1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | CR 82-0292-RSWL |
| Plaintiff, | ) ) ) | **ORDER** |
| v. | ) ) ) | |
| GERALD L. ROGERS, | ) ) ) | |
| Defendant. | ) ) ) | |
| _____ | ) | |

Currently before this Court is Appeal for Writ of Error to Dismiss Unlawful Indictment to Void Conviction ("Appeal for Writ") filed by Defendant Gerald L. Rogers ("Defendant"). Having considered all papers and arguments, **THE COURT NOW FINDS AND RULES AS FOLLOWS:**

"In general, [28 U.S.C.] § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of his detention." <u>Ivy</u>

1

1 | <u>v. Pontesso</u>, 328 F.3d 1057, 1059 (9th Cir. 2003).

2

3 |     Section 2255 states: "A second or successive motion

4 | must be certified as provided in section 2244 [28

5 | U.S.C. § 2244] by a panel of the appropriate court of

6 | appeals to contain (1) newly discovered evidence . . .

7 | or (2) a new rule of constitutional law."   28 U.S.C. §

8 | 2255(h).

9

10 |     "[A] prisoner may proceed under § 2241 [(writ of

11 | habeas corpus)] if he can show that 'the remedy by

12 | motion [under § 2255] is inadequate or ineffective to

13 | test the legality of his detention.'"   <u>Ivy</u>, 328 F.3d at

14 | 1059.

15

16 |     In this case, Defendant purports to file the

17 | current Appeal for Writ pursuant to 28 U.S.C. §

18 | 1651(a).[1]

19

20

21 |     However, "All Writs Act [i.e. § 1651] is a residual

22 | source of authority to issue writs that are not

23 | otherwise covered by statute.   Where a statute

24 | specifically addresses the particular issue at hand, it

25 | is that authority, and not the All Writs Act, that is

26

27 |     [1] 28 U.S.C. § 1651(a) states: "The Supreme Court and all courts established by Act of Congress may issue all writs

28 | necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."

2:82-cr-00292-RSWL   Document 449   Filed 06/12/08   Page 3 of 4   Page ID #:113

controlling."   <u>Pennsylvania Bureau of Correction v.</u>

<u>United States Marshals Service</u>, 474 U.S. 34, 43 (1985).

     In this case, 28 U.S.C. § 2241 (writ of habeas

corpus) is the statute that specifically addresses the

issue at hand, and therefore, is the statute that

controls.

     Accordingly, the current Appeal for Writ under §

1651(a) is procedurally improper.

     Moreover, Defendant has made no showing why a

"motion under § 2255 is inadequate or ineffective to

test the legality of his detention."   <u>Ivy</u>, 328 F.3d at

1059 (stating that the exception to file under § 2241

"is narrow [], and that § 2255's remedy is not

'inadequate or ineffective' merely because § 2255's

gatekeeping provisions prevent the petitioner from

filing a second or successive petition.").

     Accordingly, the current Appeal for Writ is

procedurally improper even if the Court treats it as

filed under § 2241.

     Furthermore, the current Appeal for Writ is

procedurally improper under § 2255 because it would be

a successive motion that has not been certified by a

1  panel of the appropriate court of appeals.

2

3      In conclusion, the Court **DENIES** the Appeal for Writ

4  of Error to Dismiss Unlawful Indictment to Void

5  Conviction because it is procedurally deficient.

6

7  **IT IS SO ORDERED.**

8

9  _____ /s/ _____

10     **HONORABLE RONALD S.W. LEW**
       Senior U.S. District Judge

11  DATED: June 12, 2008

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4